UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONYA E. BOSTIC, <br><br> Plaintiff, <br><br> v. <br><br> SERVICING SOLUTIONS, LLC, <br><br> Defendant. | Case No. 3:21-cv-00398 |

## CLASS ACTION COMPLAINT

**NOW COMES** TONYA E. BOSTIC ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of SERVICING SOLUTIONS, LLC ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004) *citing* 15 U.S.C. § 1681(a)(4).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in the Northern District of Texas is proper pursuant to 28 U.S.C. §1391(b)(1) because Defendant resides in this judicial district.

## PARTIES

5. Plaintiff is a natural person whom at all times relevant resided in Charlotte, North Carolina.

6. Defendant specializes in servicing debt portfolios and assisting third parties collect consumer debt.

7. Defendant maintains its principal place of business at 3660 Regent Boulevard, Suite 200, Irving, TX 75063.

## FACTUAL ALLEGATIONS

8. In July 2016, Plaintiff obtained a vehicle loan from First Investors Financial Services ("First Investors").

9. In 2019, Plaintiff was unable to keep up with the payments on the loan and voluntarily surrendered the vehicle to First Investors.

10. The vehicle was subsequently liquidated, leaving an alleged deficiency balance of $5,239.52 ("subject debt").

11. At some point in time, First Investors sold or assigned the subject debt to Autovest, LLC ("Autovest").

12. On August 5, 2020, Autovest began its collection efforts on the subject debt.

13. Shortly thereafter, Autovest placed the subject debt with the collection agency Michael Andrews & Associates, LLC ("Michael Andrews") for collection.

14. Upon information and belief, Michael Andrews engaged Defendant to help facilitate the collection of the subject debt.

15. On January 8, 2021, Plaintiff discovered that Defendant accessed her Experian credit report through a "hard inquiry" under the false pretext that Plaintiff applied for a loan from Defendant.

16. Specifically, Plaintiff's Experian credit report stated that Defendant "made an Installment Loan Inquiry by checking your credit file. When you apply for credit, a 'hard inquiry' may be placed on your Credit File and it stays on your report for 25 months."

17. Moreover, Plaintiff's Experian credit report listed Defendant's address as "26261 Evergreen Rd Ste 350, Southfield, MI 48076-4447."

18. The address listed as Defendant's address on Plaintiff's Experian credit report is Michael Andrew's address.

19. At no point in time did Plaintiff apply for a loan and/or credit from Defendant.

20. At no point in time did Plaintiff authorize Defendant to access her Experian credit report.

21. Defendant accessed Plaintiff's Experian credit report for the purposes of assisting Michael Andrews collect the subject debt.

22. Upon information and belief, Defendant falsely represented to Experian that Plaintiff applied for a loan from Defendant and that it had a permissible purpose under the FCRA to access Plaintiff's credit report.

23. By accessing Plaintiff's Experian credit report, Defendant obtained highly confidential information concerning Plaintiff under false pretenses.

24. Defendant obtained Plaintiff's Experian credit report without Plaintiff's knowledge or authorization.

## DAMAGES

25. Defendant's intrusive conduct resulted in significant harm to Plaintiff.

26. Specifically, Defendant's credit inquiry was a "hard inquiry," which adversely impacts a consumer's credit score.[1]

27. Accordingly, Plaintiff's credit score was adversely impacted by Defendant's "hard inquiry."

28. Defendant's "hard inquiry" will remain on Plaintiff's Experian credit report for 25 months.

29. As a result of Defendant's conduct, Plaintiff suffered damages, including: invasion of privacy; decreased credit score; mental anguish and emotional distress; and time wasted monitoring her credit reports for unauthorized activity.

30. Concerned with the long-term impact of the hard inquiry, Plaintiff retained counsel to enforce her privacy rights and compel Defendant to remove the damaging hard inquiry from her Experian credit report.

## CLASS ALLEGATIONS

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Upon information and belief, Defendant systematically accesses consumers' credit reports through a damaging hard inquiry by falsely representing to the credit reporting agencies that consumers have applied for a loan from Defendant.

---

[1] Hard inquiries adversely impact a consumer's credit score. *"Credit Checks: What are credit inquiries and how they affect your FICO Score?"* MyFICO, www.myfico.com/credit-education/credit-reports/credit-checks-and-inquiries. (last accessed February 23, 2021)

33. Defendant's systemic practice of accessing consumers' credit reports without a permissible purpose prescribed by the FCRA constitutes a willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

34. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States (1) whom have had their Experian consumer credit report(s) obtained by Defendant; (2) through a hard inquiry conducted by Defendant; (3) under the false pretext that he/she has applied for a loan and/or credit from Defendant; (4) within the five (5) years preceding the date of the original complaint through the date of class certification.

35. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

36. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

37. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

38. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

39. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers could be identified in business records maintained by Defendant.

### B. Commonality and Predominance

40. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

41. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability

42. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

43. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

44. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

45. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

46. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

47. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

48. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's Violations of 15 U.S.C. § 1681b(f)
### (on behalf of Plaintiff and the Members of the Putative Class)

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

51. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

52. Plaintiff's Experian credit report that Defendant accessed without authorization is a "consumer report" as defined by §1681a(d)(1).

53. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the person or entity has a permissible purpose enumerated in the FCRA. *See* 15 U.S.C. §1681b(f).

54. Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Experian credit report without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

55. Defendant did not have a permissible purpose under the FCRA to access Plaintiff's Experian credit report because Plaintiff has no business/financial relationship with Defendant and never authorized Defendant to access her credit report.

56. As set forth above, Plaintiff never applied for a loan from Defendant as Defendant falsely represented to Experian.

57. Defendant cunningly and impermissibly accessed Plaintiff's Experian credit report under the false pretext that Plaintiff applied for a loan from Defendant in an effort to assist Michael Andrews collect the subject debt.

58. Plaintiff never authorized Defendant to access her Experian credit report through an invasive and damaging hard inquiry.

59. Defendant's deceptive conduct is prohibited by the FCRA.

60. Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's credit report without a permissible purpose under the FCRA.

61. In the alternative, Defendant negligently violated §1681b(f) by accessing Plaintiff's credit report without a permissible purpose under the FCRA.

62. As set forth above, Plaintiff was harmed by Defendant's conduct.

63. Upon information and belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

64. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

65. Due to Defendant's unlawful conduct, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff, TONYA E. BOSTIC, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, as follows:

A. Granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel.

B. Declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act.

C. Enjoining Defendant from accessing consumer credit reports without a permissible purpose.

D. Awarding Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations.

E. Awarding Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA pursuant to 15 U.S.C. §1681n.

F. Awarding Plaintiff and the class members punitive damages in an amount to be determined at trial for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

G. Awarding Plaintiff her reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

H. Awarding any other relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: February 24, 2021                                           Respectfully Submitted,

**TONYA E. BOSTIC**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com